**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
KING COUNTY DIVISION**

| | |
|---|---|
| WYZE LABS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BEIJING ROCKROBO TECHNOLOGY CO., LTD. and BEIJING XIAOMI MOBILE SOFTWARE CO., LTD., <br><br> Defendants. | Case No. 2:21-cv-941 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT RELATING TO U.S. PATENT NO. 10,271,699** <br><br> **JURY TRIAL DEMANDED** |

COMES NOW Plaintiff, Wyze Labs, Inc. ("Plaintiff" or "Wyze"), by and through undersigned counsel, and by this Complaint seeks declaratory judgment against Defendant Beijing Rockrobo Technology Co. Ltd. ("Rockrobo") and Defendant Beijing Xiaomi Mobile Software Co., Ltd. ("Xiaomi") (Rockrobo and Xiaomi collectively referred to herein as "Defendants"), and alleges based on its knowledge, information and belief as follows:

## NATURE OF ACTION

1. This is an action for declaratory judgment of invalidity and non-infringement of U.S. Patent No. 10,271,699 B2 ("the '699 patent").

2. A true and correct copy of the '699 patent is attached hereto as Exhibit A.

COMPLAINT – 1
CASE NO.:

PERKINS COIE LLP
1291 Third Avenue, Suite 4900
Seattle WA 98101-3009
Tel: 206.350.8000, Fax: 206.359.9000

# THE PARTIES

3. Plaintiff Wyze is a Delaware corporation with a principal address of 5808 Lake Washington Blvd NE #301, Kirkland, WA 98033. Plaintiff sells products, including the accused product, through wyze.com and Amazon.com.

4. Upon information and belief, defendant Rockrobo is a China-based entity with an address of Room 6003, Building C, Baosheng Plaza, No. 8 Heiquan Road, Haidian District, Beijing, China. Upon information and belief, Rockrobo is not resident in the United States.

5. Upon information and belief, defendant Xiaomi is a China-based entity with an address of Room 01, Floor 9, Rainbow City Shopping Mall II of China Resources, No. 68, Qinghe Middle Street, Haidian District, Beijing, China. Upon information and belief, Xiaomi is not resident in the United States.

6. Upon information and belief, Rockrobo and Xiaomi are the owners of all right, title and interest in the '699 patent.

# JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 2201. This action arises, among other things, under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and includes claims for declaratory judgment that Wyze does not infringe any valid claim of the '699 patent and that the '699 patent is invalid.

8. This Court has jurisdiction over the declaratory judgment claim pursuant to 28 U.S.C. §§ 2201 *et seq.* based on, *inter alia*, Rockrobo's allegations that Wyze has infringed and is infringing the '699 patent. There exists an actual controversy between Wyze and Defendants relating to claims under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

9. Upon information and belief, Defendants are subject to personal jurisdiction in this district because, among other things, Defendants have maintained substantial, continuous, and systematic contacts with the State of Washington and this district through its business dealings and activities within and with the residents of the state of Washington and this district.

COMPLAINT – 2
CASE NO.:

PERKINS COIE LLP
1291 Third Avenue, Suite 4900
Seattle WA 98101-3009
Tel: 206.350.8000, Fax: 206.359.9000

Upon information and belief, Rockrobo has transacted and conducted substantial business in this district, purposefully availing itself of the benefit and laws of this district and purposefully directing significant and substantive contacts at this district. Rockrobo lists and sells products through the Amazon.com marketplace and, upon information and belief, has a merchant agreement with Amazon, a company located in this district. In addition, in connection with the Amazon's Utility Patent Neutral Evaluation Procedure, Rockrobo agreed to the jurisdiction and venue of the federal and state courts located in "King County, Seattle, Washington."

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial part of the acts giving rise to the claims asserted herein occurred in this district, and a substantial portion of the events at issue have arisen and/or will arise in this district. The claims substantially arose in this jurisdiction as a result of acts by Rockrobo within this district, including Rockrobo's patent enforcement actions alleging infringement by Wyze, which is located in this district. Rockrobo's enforcement actions specifically targeted Wyze's sales of the accused product via the Amazon.com marketplace, which, upon information and belief, is managed and controlled from Amazon's offices in this district. In addition, as noted above, Rockrobo agreed to the jurisdiction and venue of the federal and state courts located in "King County, Seattle, Washington" in connection with the Amazon's Utility Patent Neutral Evaluation Procedure.

**STATEMENT OF FACTS**

11. Wyze realleges every paragraph in this Complaint as if fully set forth herein.

*Facts Relating to the '699 Patent*

12. The '699 patent, titled "Autonomous Cleaning Device and Wind Path Structure of Same," issued on April 30, 2019. The application for the '699 patent (Ser. No. 15/486,477) was filed on April 13, 2017. The '699 patent indicates that it claims priority to Chinese Patent Application No. 201610232735.6, filed April 14, 2016.

13. Upon information and belief, Rockrobo and Xiaomi are the assignees of the '699 patent.

COMPLAINT – 3
CASE NO.:

PERKINS COIE LLP
1291 Third Avenue, Suite 4900
Seattle WA 98101-3009
Tel: 206.350.8000, Fax: 206.359.9000

14. The '699 patent recites two independent claims (claims 1 and 20) as well as dependent claims 2-19. By way of example, independent claim 1 recites as follows:

> A wind path structure for use in an autonomous cleaning device, comprising:
>
> a cleaning component for cleaning cleaned objects, a cleaned object storage container for storing the cleaned objects, and a power component for generating a wind, the cleaning component, the cleaned object storage container, and the power component being arranged sequentially in a moving direction of the autonomous cleaning device;
>
> a first-level wind duct located between the cleaning component and the cleaned object storage container, wherein the first-level wind duct is coupled with the power component such that the cleaned objects are delivered to the cleaned object storage container by the wind generated by the power component; and
>
> a second-level wind duct located between the cleaned object storage container and the power component, wherein the second-level wind duct has a bell-mouth shape and includes an inner wall, the inner wall includ-ing an arc-shaped segment facing toward the wind coming from the cleaned object storage container to direct the wind to an air inlet of the power component.

### Facts Relating to Rockrobo's Infringement Allegations

15. Wyze offers for sale and sells a robot vacuum designated with ASIN B08NR5TBS3 (the "accused product"). A screenshot of the listing for the accused product on the Amazon.com marketplace is reproduced below:



COMPLAINT – 4
CASE NO.:

PERKINS COIE LLP
1291 Third Avenue, Suite 4900
Seattle WA 98101-3009
Tel: 206.350.8000, Fax: 206.359.9000

16. On or about June 7, 2021, Wyze received an electronic notice from Amazon that a patent holder had submitted a report asserting that Wyze's Amazon listing for the accused product (ASIN B08NR5TBS3) infringed the '699 patent.

17. On or about June 25, 2021, Wyze received an email from Amazon providing the patent owner's contact information as: Beijing Rockrobo Technology Co. Ltd., Room 6003, Building C, Baosheng Plaza, No. 8 Heiquan Road, Haidian District, Beijing, China. The email indicated that, in order for Wyze to continue to sell the accused product on Amazon, Wyze must either resolve the claim with the patent owner directly or agree to participate in Amazon's Utility Patent Neutral Evaluation Procedure within three weeks. The email indicated that if Wyze did not resolve the claim with the patent owner directly or did not agree to participate in the neutral evaluation process, Amazon would remove the accused product from Amazon.com.

18. Rockrobo's June 25, 2021 submission to Amazon identified claim 1 of the '699 patent as the subject of the evaluation in connection with the accused product.

19. Counsel for Wyze thereafter contacted counsel for Rockrobo regarding Rockrobo's infringement allegations. Counsel for Rockrobo indicated that they were unwilling to discuss resolution of its infringement allegations with counsel for Wyze and, further, would not provide Wyze a copy of the infringement report Rockrobo had provided to Amazon.

### Examples of Relevant Prior Art References

### Example 1: Hong

20. United States Patent Application Publication No. 2017/0231448 A1 (corresponding to Application No. 15/501,668) to Hong et al. ("Hong") is prior art to the '699 patent. The PCT for Hong was filed April 28, 2015 and claims priority to a foreign patent application (KR 10-2014-0101733) filed August 7, 2014. Hong, directed to a "Robot Cleaner," discloses limitations of the claims of the '699 patent.

21. For example, Hong discloses the limitations of claim 1 of the '699 patent. To the extent the preamble is limiting, Hong discloses, *inter alia*, a wind path structure for use in an autonomous cleaning device. *See, e.g.*, Hong ¶ [0007] ("In accordance with an aspect of the

COMPLAINT – 5
CASE NO.:

PERKINS COIE LLP
1291 Third Avenue, Suite 4900
Seattle WA 98101-3009
Tel: 206.350.8000, Fax: 206.359.9000


present disclosure, a robot cleaner including: a main body; a driving unit configured to move the main body; and a suction device provided in the main body and configured to suction outside foreign substances, and the suction device may include a first suction member having a suction port provided at a bottom surface of the main body and configured to suction the foreign substances, and at least one second suction member formed to move relative to the first suction member and having a suction port configured to suction the foreign substances."); *see also* Hong's discussion of this feature *passim*.

22.   Hong further discloses, *inter alia*, a cleaning component for cleaning cleaned objects, a cleaned object storage container for storing the cleaned objects, and a power component for generating a wind, the cleaning component, the cleaned object storage container, and the power component being arranged sequentially in a moving direction of the autonomous cleaning device. *See, e.g.*, Hong Fig. 10:

[Fig. 10]



COMPLAINT – 6
CASE NO.:

PERKINS COIE LLP
1291 Third Avenue, Suite 4900
Seattle WA 98101-3009
Tel: 206.350.8000, Fax: 206.359.9000

*See also, e.g., id.* ¶ [0104] ("Referring to FIGS. 10 and 11, a suction device 40 may include a first suction member 41, second suction members 42, connecting pipes 43, a dust collecting unit 45, a driving motor 46, a brush member 47, a first path 48, and a second path 49.").

23. Hong further discloses, *inter alia*, a first-level wind duct located between the cleaning component and the cleaned object storage container, wherein the first-level wind duct is coupled with the power component such that the cleaned objects are delivered to the cleaned object storage container by the wind generated by the power component. *See, e.g.*, Hong Fig. 10 (reproduced above); *see also id.* Fig. 2:



COMPLAINT – 7
CASE NO.:

PERKINS COIE LLP
1291 Third Avenue, Suite 4900
Seattle WA 98101-3009
Tel: 206.350.8000, Fax: 206.359.9000

*See also, e.g., id.* ¶ [0089] ("The suction device 30 may further include the first path 38 and a second path 39. The first path 38 connects the first suction member 31 and the dust collecting unit 35. The first path 38 may transmit the suction force generated by the driving motor 36 to the first suction member 31. The first path 38 may act as a path through which air and foreign substances suctioned through the first suction member 31 or the second suction member 32 flow to the dust collecting unit 35."); *id.* ¶ [0091] ("The driving motor 36 generates the suction force to suction foreign substances and air. The driving motor 36 may be provided to be connected to the first path 38, the second path 39, and the dust collecting unit 35 and transmit the generated suction force to the first suction member 31 and the second suction member 32."); *id.* ¶ [0104] ("Referring to FIGS. 10 and 11, a suction device 40 may include a first suction member 41, second suction members 42, connecting pipes 43, a dust collecting unit 45, a driving motor 46, a brush member 47, a first path 48, and a second path 49.").

24.  Hong further discloses, *inter alia*, a second-level wind duct located between the cleaned object storage container and the power component, wherein the second-level wind duct has a bell-mouth shape and includes an inner wall, the inner wall including an arc-shaped segment facing toward the wind coming from the cleaned object storage container to direct the wind to an air inlet of the power component. *See, e.g.*, Hong Fig. 10 (reproduced above); *id.* ¶ [0090] ("The second path 39 may connect the dust collecting unit 35 and the driving motor 36. The second path 39 may transmit the suction force generated by the driving motor 36 to the dust collecting unit 35."); *id.* ¶ [0104] ("Referring to FIGS. 10 and 11, a suction device 40 may include a first suction member 41, second suction members 42, connecting pipes 43, a dust collecting unit 45, a driving motor 46, a brush member 47, a first path 48, and a second path 49.").

**Example 2: Kim**

25.  By way of further example, United States Patent Application Publication No. US2012/0227210 (corresponding to Application No. 13/395,923) to Kim et al. ("Kim") is prior art to the '699 patent.  The PCT for Kim was filed September 2, 2010 and claims priority to a foreign patent application (KR 10-2009-0086654) filed September 14, 2009.  Kim, directed to

COMPLAINT – 8
CASE NO.:

PERKINS COIE LLP
1291 Third Avenue, Suite 4900
Seattle WA 98101-3009
Tel: 206.350.8000, Fax: 206.359.9000

an "Exhaust Air Feedback Robot Cleaner with a Disinfectant Anion Generator," discloses limitations of the claims of the '699 patent.

26. For example, Kim discloses limitations of claim 1 of the '699 patent. *See, e.g.,* Kim Fig. 1 (described in ¶ [0023] as an exemplary diagram illustrating a configuration of the present invention) and Kim Fig. 2 (described in ¶ [0024] as an exemplary diagram illustrating a configuration of a bottom surface according to the present invention):




*See also, e.g., id.* ¶ [0025]:

> \* Explanation of letters and numerals in relevant portions of drawings.
>
> (10): Suction motor
> (20): Dust collector
> (30): Exhaust air circulating unit
> (31): Left air passage
> (32): Right air passage
> (33): Housing
> (40): Disinfectant anion generator
> (50): Spray nozzle
> (60): Suction port
> (70): Wheel
> (80): Scattering prevention bar
> (90): Suction unit
> (100): Robot cleaner
> (200): To-be-cleaned Surface

*See also, e.g., id.* ¶ [0026] ("FIG. 1 is an exemplary diagram illustrating a configuration according to the present invention and FIG. 2 is an exemplary diagram illustrating a configuration of the bottom surface according to the present invention. The present invention relates to an exhaust air feedback

COMPLAINT – 9
CASE NO.:

PERKINS COIE LLP
1291 Third Avenue, Suite 4900
Seattle WA 98101-3009
Tel: 206.350.8000, Fax: 206.359.9000

robot cleaner 100 in which foreign matter on a surface to be cleaned are sucked through a suction port when a suction motor 10 is in operation, the sucked foreign matter is collected by a dust collector 20, and the foreign matter-free air is sprayed onto the surface to be cleaned by an exhaust air circulating unit 30.").

**Example 3: Ziegler**

27. By way of further example, United States Patent Application Publication No. US2014/0259511 (corresponding to Application No. 14/292,090) to Ziegler et al. ("Ziegler") is prior art to the '699 patent. The Application for Ziegler was filed May 30, 2014 and ultimately claims priority to U.S. Provisional Application Ser. No. 60/654,838, filed February 18, 2005. Ziegler, directed to an "Autonomous Surface Cleaning Robot for Dry Cleaning," discloses limitations of the claims of the '699 patent.

28. For example, Ziegler discloses limitations of claim 1 of the '699 patent. *See, e.g.,* Ziegler Fig. 14:



COMPLAINT – 10
CASE NO.:

PERKINS COIE LLP
1291 Third Avenue, Suite 4900
Seattle WA 98101-3009
Tel: 206.350.8000, Fax: 206.359.9000

*See also, e.g., id*. ¶ [0128] ("Referring to FIGS. 14 and 15, the wet dry vacuum module 500 comprises a single fan assembly 502; however, two or more fans can be used without deviating from the present invention. The fan assembly 502 includes a rotary fan motor 504, having a fixed housing 506 and a rotating shaft 508 extending therefrom. The fixed motor housing 506 attaches to the fan assembly 502 at an external surface of a rear shroud 510 by threaded fasteners, or the like. The motor shaft 508 extends through the rear shroud 510 and a fan impeller 512 is attached to the motor shaft 508 by a press fit, or by another appropriate attaching means, for causing the impeller 512 to rotate with the motor shaft 508. A front shroud 514 couples with the rear shroud 510 for housing the fan impeller 512 in a hollow cavity formed between the front and rear shrouds. The fan front shroud 514 includes a circular air intake port 516 formed integral therewith and positioned substantially coaxial with a rotation axis of the motor shaft 508 and impeller 512. The front and rear shrouds 510, 514 together form an air exit port 518 at a distal radial edge of the fan assembly 502."); *id*. ¶ [0130] ("As shown schematically in FIG. 14, a closed air duct or conduit 552 is connected between the fan housing exit port 518 and the air jet port 554 of the first cleaning zone A and delivers high pressure air to the air jet port 554. At the opposite end of the first cleaning zone A, a closed air duct or conduit 558 connects the air intake port 556 with the integrated liquid storage container module 800 at a container intake aperture 557. Integral with the integrated storage container 800, a conduit 832, detailed below, connects the container intake aperture 557 with a plenum 562. The plenum 562 comprises a union for receiving a plurality of air ducts connected thereto. The plenum 562 is disposed above a waste storage container portion of the integrated liquid storage container module 800. The plenum 562 and waste container portion are configured to deposit loose particulates suctioned up from the cleaning surface by the air intake port 556 into the waste container. The plenum 652 is in fluid communication with the fan intake port 516 via a closed air duct or conduit comprising a conduit 564, not shown, connected between the fan assembly and a container air exit aperture 566. The container air exit aperture 566 is fluidly connected with the plenum 562 by an air conduit 830 that is incorporated within the integrated liquid storage tank module 800. Rotation of the fan impeller 512 generates a negative air pressure or vacuum inside the plenum

COMPLAINT – 11
CASE NO.:

PERKINS COIE LLP
1291 Third Avenue, Suite 4900
Seattle WA 98101-3009
Tel: 206.350.8000, Fax: 206.359.9000

560. The negative air pressure generated within the plenum 560 draws air and loose particulates in from the air intake port 556."); *id*. ¶ [0131] ("As further shown schematically in FIG. 14, a pair of closed air ducts or conduits 666 interface with scrubbing module 600 of the second cleaning zone B. The air conduits 666, shown in section view in FIG. 10 comprise external tubes extending downwardly from the integrated liquid container module 800. The external tubes 666 insert into the scrubber module upper housing gaskets 670."); *id*. ¶ [0143] ("Thus according to the present invention, the fan assembly 502 generates a negative pressure of vacuum which evacuates air conduit 564, draws air through the air filter disposed at the end of air conduit 564, evacuates the fan intake conduit 830 and the plenum 562. The vacuum generated in the plenum 562 draws air from each of the conduits connected thereto to suction up loose particulates proximate to the air intake port 556 and to draw waste liquid up from the cleaning surface via the air conduits 834, 836 and 666, and via the vacuum chamber 664 and the suction ports 668. The loose particulates and waste liquid are drawn into the plenum 562 and fall into the waste container W.").

**Example 4: Tsuboi**

29. By way of further example, United States Patent Application Publication No. 2014/0379127 (corresponding to Application No. 14/370,825) to Tsuboi et al. ("Tsuboi") is prior art to the '699 patent. The PCT for Tsuboi was filed December 25, 2012 and claims priority to a foreign patent application (JP 2012-007548) filed January 17, 2012. Tsuboi, directed to a "Self-Propelled Electronic Device," discloses limitations of the claims of the '699 patent.

30. For example, Tsuboi discloses limitations of claim 1 of the '699 patent. *See, e.g.*, Tsuboi Figs. 2 & 5:

COMPLAINT – 12
CASE NO.:

PERKINS COIE LLP
1291 Third Avenue, Suite 4900
Seattle WA 98101-3009
Tel: 206.350.8000, Fax: 206.359.9000





*See also, e.g., id.* ¶ [0025] ("The self-propelled cleaner (self-propelled electronic device) 1, which collects dust (that is, performs cleaning) during self-propelled operation, includes the main body of the self-propelled cleaner 1, which is formed of a main body cabinet 2 having an outer frame

COMPLAINT – 13
CASE NO.:

PERKINS COIE LLP
1291 Third Avenue, Suite 4900
Seattle WA 98101-3009
Tel: 206.350.8000, Fax: 206.359.9000

of a circular shape in plan view as shown in FIG. 1, and driven wheels 29, which are driven by a battery (secondary battery) 14 as a power supplying source as shown in FIGS. 2 and 3."); *id.* ¶ [0038] ("The dust collector 30 for collecting dust is disposed in the main body cabinet 2. The dust collector 30 is disposed above the rotary axis 29*a* of the driven wheels 29 so as to be housed in a dust collecting chamber 39 disposed in the main body cabinet 2. Since the dust collector 30 is disposed above the rotary axis 29*a* of the driven wheels 29, the weight of the main body cabinet 2 is balanced even if the weight is increased by collected dust. The dust collecting chamber 39 includes a separate chamber covered by circumferential surfaces in four directions and a bottom and the rotary brush 9 and the separate chamber extends in the direction of the shaft of the rotary brush 9 so as to separate the inside of the main body cabinet 2. The planes of dust collecting chamber 39 excluding the front plane extending in the direction of the shaft of the rotary brush 9 are closed. A first air inlet path 11 that communicates with the concave portion 8 and a second air inlet path 12, located above the concave portion 8, that communicates with a motor unit 20 are disposed on the front plane of the dust collecting chamber 39."); *id.* ¶ [0044] ("The air flow sucked from the suction opening 6 circulates backward in the first air inlet path 11 as indicated by arrow A1 in FIG. 2 and enters the dust collector 30 via the inflow opening 34a. Dust in the air flow that entered the dust collector 30 is collected by the filter 33 and the air flow is exhausted from the dust collector 30 via the outflow opening 35a. This causes dust to be collected and accumulated in the dust container 31. The air flow exhausted from the dust collector 30 circulates forward in the second air inlet path 12 as indicated by arrow A2 and enters the electric air blower 22 of the motor unit 20."); *id.* ¶ [0045] ("The air flow that passed through the electric air blower 22 is exhausted to the upper rear as indicated by arrow A3 from the air outlet opening 7 disposed on the upper surface of the main body cabinet 2. An ion generating device (not shown) is disposed in the vicinity of the electric air blower 22 and an air flow including ions is exhausted from the air outlet opening 7."); *id.* ¶ [0073] ("The air blowing device 61 is equivalent to the motor unit 20, includes the electric air blower 22 and so on, and draws air into or exhausts air from the main body cabinet 2.").

COMPLAINT – 14
CASE NO.:

PERKINS COIE LLP
1291 Third Avenue, Suite 4900
Seattle WA 98101-3009
Tel: 206.350.8000, Fax: 206.359.9000

31. Additional prior art to the '699 Patent includes, without limitation, the following: U.S. Patent No. 8,505,158; U.S. Patent No. 10,130,233; US 2015/0134179; KR101290990B1; US 2006/0037170; CN105030150A; CN204500529U; CN203662684U; CN102578965A; U.S. Patent No. 7,496,988 B2; CN204293065U; CN204600364U; CN204260671U; WO2014/082448; CN202568104U; CN203776835U; CN205083387U.

## COUNT ONE:

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '699 PATENT

32. Wyze realleges every paragraph in this Complaint as if fully set forth herein.

33. An actual controversy exists as to the validity of the '699 patent. Rockrobo contends that Wyze infringes the '699 patent. Wyze denies that any of its products infringe any valid and enforceable claim of the '699 patent. Wyze further avers that the '699 patent is invalid under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

34. By way of example, the claims of the '699 patent (including claim 1) are anticipated and/or rendered obvious under 35 U.S.C. §§ 102 and 103 in light of prior art including (but not limited to) one or more of the references identified above (either alone, in combination with other prior art, or in light of the knowledge, experience, and common sense of one of ordinary skill in the art).

35. The controversy is such that, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Wyze is entitled to a declaration, in the form of a judgment, that the '699 patent is invalid. Such a determination and declaration is necessary and appropriate at this time. In light of Rockrobo's enforcement actions, without such relief, Wyze will suffer harm, including the potential delisting of the accused product from Amazon.com.

## COUNT TWO:

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '699 PATENT

36. Wyze realleges every paragraph in this Complaint as if fully set forth herein.

37. An actual controversy exists as to whether Wyze has infringed, or is infringing, any valid and enforceable claim of the '699 patent. Rockrobo contends that Wyze infringes the

COMPLAINT – 15
CASE NO.:

PERKINS COIE LLP
1291 Third Avenue, Suite 4900
Seattle WA 98101-3009
Tel: 206.350.8000, Fax: 206.359.9000

'699 patent. Wyze denies that any of its products infringe any valid and enforceable claim of the '699 patent.

38.     The controversy is such that, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Wyze is entitled to a declaration, in the form of a judgment, that Wyze has not infringed and is not infringing any valid and enforceable claim of the '699 patent. Such a determination and declaration is necessary and appropriate at this time. In light of Rockrobo's enforcement actions, without such relief, Wyze will suffer harm, including the potential delisting of the accused product from Amazon.com.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Wyze prays for judgment in its favor as follows:

1.      That judgment be entered in favor of Wyze and against Defendants on all claims.

2.      That judgment be entered declaring that the claims of the '699 patent are invalid under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

3.      That judgment be entered declaring that the accused product has not infringed and does not infringe any valid and enforceable claim of the '699 patent.

4.      That judgment be entered permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys, and all others acting for, on behalf of, or in active concert with any of them, from stating, implying, or suggesting that the accused product infringes the '699 patent.

5.      That judgment be entered requiring Rockrobo to withdraw or otherwise retract its Complaint to Amazon and/or take all necessary steps to allow Wyze to sell the accused product through Amazon.

6.      That judgment be entered awarding Wyze its reasonable attorneys' fees and costs, including costs for experts, pursuant to State and Federal law, including 35 U.S.C. § 285.

7.      That judgment be entered awarding Wyze such other and further relief as this Court deems is just and proper.

COMPLAINT – 16
CASE NO.:

PERKINS COIE LLP
1291 Third Avenue, Suite 4900
Seattle WA 98101-3009
Tel: 206.350.8000, Fax: 206.359.9000

**DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands a trial by jury on all counts so triable.

Dated this 15th day of July, 2021.

PERKINS COIE LLP

By /s/ Nicole S. Dunham
　　Nicole S. Dunham # 41931
　　Email: NDunham@perkinscoie.com
　　**Perkins Coie LLP**
　　1201 Third Avenue, Suite 4900
　　Seattle, WA  98101-3099
　　Telephone:  206.359.8000
　　Facsimile:  206.359.9000

By /s/ Eric J. Weiss
　　Eric J. Weiss, # 44807
　　Email: EWeiss@perkinscoie.com
　　**Perkins Coie LLP**
　　1201 Third Avenue, Suite 4900
　　Seattle, WA  98101-3099
　　Telephone:  206.359.8000
　　Facsimile:  206.359.9000

Michelle M. Umberger (*pro hac vice* pending)
Wisconsin Bar No. 1023801
MUmberger@perkinscoie.com
Gabrielle E. Bina (*pro hac vice* pending)
Wisconsin Bar No. 1041749
GBina@perkinscoie.com
**Perkins Coie LLP**
33 East Main Street, Suite 201
Madison, WI 53703
Telephone:  608.663.7460
Facsimile:  608.663.7499

*Counsel for Plaintiff Wyze Labs, Inc.*

COMPLAINT – 17
CASE NO.:

PERKINS COIE LLP
1291 Third Avenue, Suite 4900
Seattle WA 98101-3009
Tel: 206.350.8000, Fax: 206.359.9000